Nicole Hernandez
District Clerk
Upshur County, Texas
Reviewed By: Becky Winn

NO. 403-22

| | | |
|---|---|---|
| JEANETTE ROSE, Individually and Representative of the ESTATE OF MABLE SIMPSON<br>Plaintiff,<br><br>V.<br><br>U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO FIRST UNION BANK, AS TRUSTEE, FOR MID-STATE TRUST X<br>Defendant. | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>115TH JUDICIAL DISTRICT<br><br><br><br><br><br><br>OF UPSHUR COUNTY, TEXAS |

## THIRD AMENDED PETITION FOR DECLARATORY JUDGMENT AND REQUEST FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Jeanette Rose, Individually and Representative of the Estate of Mable Simpson, Plaintiff herein, filing this the Third Amended Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

A.  Plaintiff, Jeanette Rose, Individually and as Representative of the Estate of her deceased mother, Mable Louise Bailey Simpson (April 15, 1940 to October 21, 2022) brings this action individually and on behalf of the Estate of Mable Simpson. Plaintiff resides in Upshur County, Texas.

Copy from re:SearchTX

B. The last three numbers of Jeanette Rose's driver's licencense are . The last three numbers of Jeanette Rose's Social Security numbers are 460.

The last three numbers of Mable Simpson's driver's license number are [* 839 *]. The last three numbers of Mable Simpson's social security number are [* 485 *].

C. Defendant U.S. Bank, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, its registered office. Service of said Defendant as described above can be effected by personal delivery.

### III. JURISDICTION AND VENUE

A. The subject matter in controversy is within the jurisdictional limits of this court.

B. Plaintiff seeks:

    a. monetary relief of $250,000 or less and non-monetary relief.

C. This court has jurisdiction over the parties because Defendant is a Texas resident.

D. Venue in Upshur County is proper in this cause.

### IV. FACTS

A. This suit involves a 0.495 acre tract of land with a house commonly known as 10533 155 N. Ore City, Texas (hereinafter "Property").

B. David Thompson, predecessor in interest deeded this tract to Demond Wilson and Angie Porter on September 29, 2000, by Warranty Deed (Vol. 389, Page 919,

Official Records of Upshur County, Texas). On November 8, 2000, Desmond Wilson deeded his one-half undivided interest to Angie Porter by Warranty Deed (Vol. 389, Page 921, Official Records of Upshur County, Texas). Thereafter, Angie Porter (single) contracted for improvements (building a dwelling) on the property, by assigning a Mechanic Lien (hereinafter a "Lien") with Power of Sale to Jim Walter Homes, Inc., on the 14th day of November, 2000 (Vol. 390, Page 300, Official Records of Upshur County, Texas) and executed a Retail Installment Agreement (hereinafter "Note") for the sum of $18,968.00 payable in 360 months at $513.80 per month, due and payable at the office of Jim Walter Homes, Inc. (Lienholder).

C. In 2002, Angie Porter, was delinquent on her note and she then entered into a Real Estate Sale's Agreement with Tom Simpson (deceased) and Mable Simpson, (deceased), husband and wife, and transferred the property to Mable Simpson along with all obligations under the note and lien, which she thereafter legally assumed. On September 20, 2002, Angie Porter transferred the property to the Simpsons, by Warranty Deed (Vol 467, Page 384, Official Records, Upshur County, Texas).

D. After Mable Simpson assumed the Note and purchased the Property, she brought the Note current and assumed the obligation to pay the monthly installments. Since the time of acquisition and assumption of the note by Mable Simpson, it has been held by multiple Mortgaging Servicing Parties, including but not limited to:

1). Walter Mortgaging Servicing - (See Invoice addressed to Tom Simpson and Mable Simpson, 10533 State Highway 155 N., Ore City, TX 75683, dated July 13, 2009 – Attached as Exhibit A to Original Petition).

2) Green Tree - (See Invoice addressed to Tom Simpson, 10533 State Highway

Copy from re:SearchTX

Case 2:23-cv-00355-JRG Document 32 Filed 08/01/23 Page 4 of 9 PageID #: 156

155 N., Ore City, TX 75683, dated January 5, 2015 – Attached as Exhibit B to Original Petition).

3). Ditech - (See Invoice addressed to Tom Simpson and Mable Simpson, P.O. Box 94, Ore City, TX 75683, dated March 17, 2020 – Attached as Exhibit C to Original Petition).

4). Shellpoint - (See Invoice addressed to Tom Simpson and Mable Simpson, P.O. Box 94, Ore City, TX 75683, dated May 5, 2020 – Attached as Exhibit D to Original Petition).

G. Tom Simpson passed away on September 11, 2010, and due to issues regarding the age of the Mable Simpson, who was 81 years old at the time the Original Petition was filed, and whose mailbox being next to a busy four (4) lane state highway, had her address then changed for mail to Postal Box (P.O. Box 94, Ore City, Texas) as opposed to delivering at her home, which the mortgage providers were notified and began sending invoices and correspondence to the Plaintiff at her mailbox.

H. On November 11, 2020, without any notice to Plaintiff, the Respondent foreclosed on Angie Porter and purchased the Property by Substitute Trustee's Deed (Instrument Number 20200583 – Attached as Exhibit E to the Original Petition). At the time of the foreclosure the underlying note was, approximately $41,0000, according to the Defendant, and the property had a fair market value of at least double that amount.

I. On April 8th, 2021, Defendant attempted an Eviction in the Justice of the Peace, Precinct 2, Upshur County, Texas, by specifically naming and serving Plaintiff. Plaintiff then retained counsel (Marty Young) at a considerable expense to defend her (Cause No. 2LT21-002; US Bank, et al, vs. Tom Simpson and Mable Simpson (Attached as

Exhibit F to the Original Petition). Counsel for Mable Simpson, after advising Respondent of the wrongful foreclosure with no notice ever being served on Mable Simpson regarding a foreclosure of her property, the Defendant then did thereafter abandon and dismiss their eviction lawsuit.

J.   On May 5th, 2022, Defendant went back to the same court, attempting a now second Eviction, but this time completely omitting Plaintiff as a named party, obtained a default Judgment of Possession. (See Plaintiff's Original Petition for Forcible Detainer - Attached as Exhibit G to the Original Petition). Even though the Plaintiff, and it's predecessors' in interest were well aware of the fact that Mable Simpson was at an advanced age of 81 years, and having just named her in an eviction the prior year, for some inexplicable reason, decided to sue and name Angie Porter and "All Occupants" in their second attempt to evict the Plaintiff. The processor server upon service on Defendant, even states that the citation is for Angie Porter. (See Eviction Citation – Attached as Exhibit H to the Original Petition).

K.   On Tuesday August 16, 2022, the Plaintiff received a message from Upshur County Constable Jason Weeks, that he was ordered to remove her from her home along with all of her personal property.

## V.   CLAIM FOR WRONGFUL FORECLOSURE

The elements of a Wrongful Foreclosure are (1) defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a casual connection between the defect and the grossly inadequate selling price. See *Caballero v. Rushmore Loan Mgmt. Servs. LLC*, No. 05-19-00298-CV, 2020 Tex. App. LEXIS 2901, 2020 WL 1685418, at *3 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.).

A. Plaintiff would show that although Mable Simpson by legal deed owned the property the subject of this suit, that it was her homestead, that she had assumed the underlying note in 2002, the Defendant did not sent her notice of a default, acceleration, or notice of foreclosure, as required by the Section 51.002 of the Texas Property Code.; and

B. Defendant allegedly acquired the property for the amount of the underlying lien which was approximately fifty (50 %) of the market value.

## VI. DECLARATORY JUDGMENT

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiff therefore requests that declaratory judgment be entered as follows:

A. Plaintiff had Assumed the Note through acquiring the Note held by Defendant securing the property subject of this suit

B. Defendant did not provide proper Notice to Plaintiff as required by Section 51.002 of the Texas Property Code, for its November 11, 2020 Foreclosure.

C. The November 11, 2020 Foreclosure Deed is Void.

## VII. ELEMENTS FOR INJUNCTIVE RELIEF

A. In light of the above-described facts, Plaintiff seeks recovery from Defendant. The nature of the lawsuit is for Wrongful Foreclosure and Declaratory Judgment.

B. Plaintiff is likely to succeed on the merits of this lawsuit because the Defendant and its predecessors in interest clearly allowed her to assume a note, accepted payments for over a decade, then inexpiably did foreclosed on her by presumably sending notice to Angie Porter who had not resided at the residence for over twenty years, and at

Copy from re:SearchTX

an address that they were fully aware that neither Angie Porter or Plaintiff were using at the time of the Foreclosure. (See Affidavit in Support of Injunctive Relief – Attached as Exhibit A to this Plaintiff's Third Amended Petition.)

C. Unless this Honorable Court immediately restrains the Defendant, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

(1). The harm to Plaintiff is imminent because she is Eight-One (81) years of age, in poor health, and will be physically removed from her home this weekend and had no other place to live and have shelter. That if this were to occur, the Plaintiff may not survive in the Texas Heat and her property could be ruined by the elements or stolen.

(2). There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because she was denied the opportunity to address the underlying eviction, due to not being properly noticed.

### VIII. INJUNCTIVE REMENDY – TEMPORARY RESTRAINIG ORDER

A. Plaintiff has met Plaintiff's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

B. Plaintiff asks the court to restrain Defendant from: **Removing the Plaintiff or any tenant from the home and property located at 10533 State Highway 155 N., Ore City, TX 75653.**

C. It is essential that the court immediately and temporarily

Copy from re:SearchTX

restrain Defendant herein, from removing the Plaintiff or any tenant from the home located at 10533 State Highway 155 N., Ore City, TX 75653. It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter because the Plaintiff has no other place to live and the Defendant is attempting to remove her from her house at the time of the filing of this Petition.

D. On final trial on the merits, that the Court permanently enjoin Defendant herein, from removing the Plaintiff, Mable Simpson, from her home located at 10533 State Highway 155 N., Ore City, TX 75653.

## IX. BOND

Plaintiff is willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

## X. ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiff be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: _____
Matthew R. Patton, IV
Texas Bar No. 24002736
Email: matthew@matthewpattonlaw.com
316 N. Titus
GILMER, TX 75644
Tel. (903) 843-3029
Fax. (903) 680-0163
Attorney for Plaintiff

Copy from re:SearchTX